

# NUMBER 13-13-00110-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**PEDRO DIAZ SANTOS,**                                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                **Appellee.**

---

### On appeal from the County Court at Law
### of Aransas County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

A jury convicted appellant Pedro Diaz Santos of the offense of deadly conduct, a class A misdemeanor, see TEX. PENAL CODE ANN. § 22.05 (West 2011), and assessed punishment at 180 days in the county jail and a $2,000.00 fine. By four issues, Santos contends that the trial court committed harmful error when it admitted

hearsay testimony and other evidence during the penalty phase of his trial in violation of the United States and Texas Constitutions and of Texas rules and statutes. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.25 (West 2005); TEX. R. EVID. 801, 802. We reverse and remand for a new trial on punishment.

## I. DISCUSSION[1]

Complaining only of the punishment phase of his jury trial, Santos contends that the trial court erred in allowing an adult probation officer, without documentary or other testimonial proof, to testify regarding his prior convictions. In reply, the State concedes, and we agree, that the trial court committed reversible error when it admitted this hearsay testimony over Santos's objection. *See* TEX. R. EVID. 103(a)(1); TEX. R. APP. P. 33.1(a).

Hearsay, in general, is not admissible evidence. TEX. R. EVID. 801, 802. Absent personal knowledge, a witness may testify about a defendant's criminal history but only after the trial court admits evidence of that history through some hearsay exception.[2] *See, e.g.*, TEX. R. EVID. 803(22) (identifying evidence of a judgment adjudging a person guilty of a felony as a hearsay exception); *see also Ellison v. State*, 201 S.W.3d 714, 721 (Tex. Crim. App. 2006). In this case, the probation officer testified that she obtained her knowledge by reading the Texas Crime Information Center (TCIC) report that was a computer-generated summary of Santos's convictions. However, she indicated that she

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] We note that "[i]n assessing punishment, a trial judge may review a presentence report, which often contains inadmissible information under the Rules of Evidence. There is no provision, however, for a jury to review a presentence report. A jury must get all its information from properly admitted evidence at the punishment phase." *Ellison v. State*, 201 S.W.3d 714, 721 (Tex. Crim. App. 2006) (citing TEX. CRIM. PROC. CODE ANN. art. 37.07, § 3(d) ("When a judge assesses the punishment, he may order an investigative report as contemplated in Section 9 of Article 42.12 of this code . . . ."); *id.* art. 42.12, § 9).

2

was not "familiar" with the TCIC printout before she testified. The probation officer did not testify about any independent findings that she might have made based on her own analysis. Instead, she recited other analysts' findings and adopted these findings as her own. And the State offered these testimonial statements to prove the truth of the matter asserted. *See* TEX. R. EVID. 801(d); *Wood v. State*, 299 S.W.3d 200, 213 (Tex. App.—Austin 2009, pet. ref'd). We conclude that the trial court erred in admitting this evidence over Santos's objection.

Further, as the State concedes, the error in admitting Santos's criminal history through the hearsay testimony of a probation officer harmed Santos. Through this testimony, the State provided the jury with inadmissible evidence that likely resulted in a longer punishment than might otherwise have been imposed by the jury. *See* TEX. R. APP. P. 44.2. The State presented no other punishment evidence. Without the TCIC report, the State offered no evidence to establish that Santos had been convicted of any crime. We cannot conclude beyond a reasonable doubt that the trial court's error in admitting the hearsay evidence did not contribute to Santos's punishment. *See* TEX. R. APP. P. 44.2(a). So we conclude that harm resulted. *See id.*

We sustain Santos's four issues on appeal.

## II. CONCLUSION

Accordingly, we reverse the portion of the judgment sentencing Santos to 180 days in the Aransas County Jail and assessing a $2,000.00 fine and remand for a new trial on punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2011) (providing that when the basis of the reversal is predicated on an error made during the

punishment stage of the trial, the court shall commence the new trial as if a finding of guilt had been made and proceed to punishment).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 21st
day of November, 2013.

4